George GIUSTI

v.

STATE of Rhode Island et al.

No. 2009–355–APPEAL.

Supreme Court of Rhode Island.

June 20, 2011.

Thomas E. Folcarelli.

Thomas A. Palombo.

### ORDER

The plaintiff, George Giusti, appeals from an order disqualifying the plaintiff's proposed expert witnesses, dismissing the plaintiff's medical malpractice case with prejudice, and entering judgment in favor of the defendants. On appeal, the plaintiff contends that the trial justice erred in the following respects: (1) in sua *sponte* dismissing the plaintiff's case; (2) in determining that the two nurse witnesses presented by the plaintiff could not testify as expert witnesses with respect "to the standard of care for nurses and physicians;" (3) in further ruling that the nurse witnesses could not be of assistance to the trier of fact because they lacked experience as nurses in a prison setting; and (4) in not permitting the plaintiff to amend his complaint to add an allegation of nursing negligence.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.

For the reasons set forth below, we remand the case to the Superior Court for that tribunal to specify the provision(s) in the Superior Court Rules of Civil Procedure upon which the above-referenced dismissal with prejudice was based.

On October 15, 2004, plaintiff filed a civil complaint in the Superior Court for Providence County, containing two counts: (1) negligence and (2) negligent supervision. The complaint named as defendants the State of Rhode Island; A.T. Wall "in his capacity as the Director, Rhode Island Adult Correctional Institute [*sic*];" John Doe, M.D. "in his capacity as physician" at the Adult Correctional Institutions (ACI); and Richard Roe "and other as yet to be named correctional officers." In his complaint, plaintiff alleged that he "injured his back while working in the kitchen at the ACI on or about December 14, 2002" and that he "remained in severe pain at the ACI infirmary from December 15, 2002 until he was transferred to the Donald Wyatt Detention [Facility] * * * on or about January 4, 2003." The plaintiff further alleged in his complaint that, upon his arrival at the Wyatt Detention Facility, he "was immediately diagnosed as having a ruptured disc, sent to Miriam Hospital * * *, and underwent a laminectomy."

On May 22, 2009, in a supplemental and amended answer to defendants' expert witness interrogatory (that had been propounded on November 29, 2004), plaintiff indicated that he had retained two nurses as expert witnesses. In a motion dated June 22, 2009, defendants moved *in limine* to "preclude plaintiff from calling a nurse as an expert to testify as to the standard of care for a physician and/or to testify as to causation."

On June 23, 2009, a hearing was held in the Superior Court; the purpose of the hearing was for the trial justice to determine, in view of the provisions of Rules 104 and 702 of the Rhode Island Rules of Evidence,[1] "whether or not the [c]ourt would permit the nurses to testify as desired by the plaintiff." At the conclusion of the hearing, the trial justice determined that the two nurses were not qualified to provide expert testimony in plaintiff's case with respect to the standard of care applicable to allegations of physician negligence.[2] He further concluded that, "[s]ince the expert testimony is essential to a medical negligence claim, the [c]ourt is constrained to dismiss this matter at this time."[3]

On July 1, 2009, an order entered (1) granting the defendants' motion *in limine* to disqualify the plaintiff's proposed expert witnesses; (2) dismissing the plaintiff's civil action with prejudice; and (3) ordering the entry of judgment in favor of the defendants. Judgment entered in favor of the defendants on the same day, and the plaintiff thereafter filed a timely notice of appeal.

We note that, despite the trial justice's thorough explication of the reasons that caused him to conclude that the two nurse witnesses presented by the plaintiff should not be allowed to testify as expert witnesses with respect to the standard of care for a physician, he did not indicate the rule(s) on the basis of which he dismissed the plaintiff's case with prejudice. As such, this Court is not able at present to review his decision to do so. Accordingly, we remand this case to the Superior Court with directions that the trial justice indicate with specificity the rule(s) upon which he based his decision to dismiss the instant case with prejudice.

---

1. Rule 104(a) of the Rhode Island Rules of Evidence provides that the court shall determine "[p]reliminary questions concerning the qualification of a person to be a witness * * *."

   Rule 702 of the Rhode Island Rules of Evidence provides as follows with respect to *expert* witnesses:

   "**Testimony by experts.** —If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of fact or opinion."

2. We note that, although plaintiff argues on appeal that the nurses should have been permitted to provide expert testimony with respect to nursing negligence and that plaintiff should have been allowed to amend his complaint to add an allegation of nursing negligence, the complaint that was filed in October of 2004 contained no allegation concerning nursing negligence. Moreover, although the case had been pending before the Superior Court for over four years when the June 23, 2009 hearing took place, at no point during that lengthy period did plaintiff seek to amend his original complaint.

3. In rendering his decision at the conclusion of the June 23, 2009 hearing, the trial justice noted on the record that, on the previous day, the case had been "reached for a date certain trial * * *." The trial justice added that, at a pretrial conference held approximately two months earlier, the court had "expressed reservations relating to the plaintiff's intending to call two registered nurses as his expert witnesses * * *."